UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WILLIAM FREDRICK READE, JR.,<br>    Plaintiff,<br><br>v.<br><br>DENISE J. CASPER, O.ROGERIEE THOMPSON, ALLISON DALE BURROUGHS, NANCY P. PELOSI, BARACK H. OBAMA,<br>    Defendants. | C.A. No. 20-11324-JJM |

## ORDER

On July 13, 2020, Plaintiff William Frederick Reade, Jr. filed a Complaint against Speaker of the United States House of Representatives Nancy Pelosi; former President of the United States Barack Obama; and three federal judges. ECF No. 1. The events giving rise to Mr. Reade's claim arose in 2008 at the Democratic National Convention ("DNC"). Mr. Reade claims that he was denied access to the Presidential Ballot because his father was British when he was born, and Mr. Obama gained access to the ballot when his father was also British when he was born. Mr. Reade complains that Speaker Pelosi, who signed President Obama's nomination papers, denied him equal treatment under the 14th Amendment. Mr. Reade complains that the three Federal Judges who lied and denied him his right to be heard and refused to recuse themselves were biased and prejudiced due to their appointed by President Obama. For relief, Reade seeks an independent jury trial and monetary damages.

*Legal Standard*

The Court may dismiss a complaint *sua sponte* pursuant to Federal Rule of Civil Procedure 12(b)(6), prior to service and without providing the plaintiff with notice or an opportunity to respond, where it is clear that the plaintiff cannot prevail on the facts alleged in the complaint and amendment would be futile. *Budnick v. Barnstable Cty. Bar Advocates, Inc.*, 989 F.2d 484 (1st Cir. 1993). While such a dismissal is "rarely" warranted, *Cepero–Rivera v. Fagundo,* 414 F.3d 124, 130 (1st Cir. 2005), it "may be proper in relatively egregious circumstances." *Martinez–Rivera v. Sanchez Ramos,* 498 F.3d 3, 7 (1st Cir. 2007). Where the allegations in the complaint, viewed in the light most favorable to plaintiff, "are patently meritless and beyond all hope of redemption," i.e., where it is "crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," then such a dismissal may stand. *Gonzalez–Gonzalez v. United States,* 257 F.3d 31, 37 (1st Cir. 2001).

*Discussion*

For the reasons set forth below, the Court dismisses this action as the complaint fails to allege any facts that could support a claim against any of the defendants.

Starting with his claims against the three judicial officer defendants based on Mr. Reade's dissatisfaction with the ways these judges decided his previous cases, the doctrine of absolute judicial immunity requires dismissal. "[W]hen a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those

actions." *Zenon v. Guzman*, 924 F.3d 611, 616 (1st Cir. 2019). Judicial immunity from claims for damages applies even when a judge's "actions are malicious, corrupt, mistaken, or taken in bad faith." *Id.* Because Mr. Reade challenges conduct undertaken while the judicial defendants were performing judicial functions, these defendants are entitled to absolute immunity. Mr. Reade's claims against Judges Thompson, Casper, and Burroughs fail.

Moving next to Mr. Reade's claims concerning denial of access to the 2008 Presidential ballot, the Court considers whether he has standing to assert these claims. Article III of the U.S. Constitution confers jurisdiction on federal courts only if the plaintiff has standing to sue. *See Horne v. Flores*, 557 U.S. 433, 445 (2009). To satisfy standing, a plaintiff "'must allege personal injury fairly traceable to the defendant[s'] allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Bingham v. Mass.*, 616 F.3d 1, 5 (1st Cir. 2010) (quoting *Hein v. Freedom from Religion Found., Inc.*, 551 U.S. 587, 598 (2007)). Mr. Reade cannot establish standing because, with respect to Speaker Pelosi and former President Obama, there is no injury-in-fact particularized to him. Mr. Reade's claim that he has been injured because he is, from a citizenship perspective, identical in posture to former President Obama, is purely conclusory, conjectural, hypothetical and patently false. The Court takes judicial notice of the fact that President Obama was born in the United States. Without standing, the Court is without subject matter jurisdiction under Article III of the Constitution.

Mr. Reade's complaint contains "incurable defects" and "delusional factual scenarios" such that there is no avenue to possible relief. *Green v. Concord Baptist Church*, 313 F. App'x 335, 336 (1st Cir. 2009). It cannot overcome judicial immunity and lack of standing due to no actual injury so the Court must dismiss the case. *Gonzalez–Gonzalez*, 257 F.3d at 36–37. The Complaint therefore is DISMISSED. ECF No. 1.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

October 26, 2020